UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL NO. 3:24-CR–00027-DJH

JOHN CECIL                                                          DEFENDANT

## AMENDED SENTENCING MEMORANDUM
*Electronically Filed*

The United States of America files its amended memorandum in support of sentencing in this action and humbly requests the Court accept the parties' plea agreement and sentence John Cecil to a low-end guideline sentence followed by a lifetime term of supervised release.  This amended memorandum adds an objection to the PSR.

### I. ___ Introduction

This is not a typical child pornography case.  John Cecil was an active participant in child pornography groups, embracing very explicit child pornography and normalizing it within dedicated chat groups.  He joined a group that required users to share child pornography to gain access to the main page.  Cecil stands convicted of one count of possession of child pornography and multiple counts of receipt and distribution of child pornography.  (Presentence Investigation Report, DN 19, at paras. 1-9).  Cecil didn't just trade child pornography, he joined a child pornography community.  The United States is asking the Court to impose a low-end guideline sentence followed by a lifetime term of supervised release to reflect the seriousness of the offenses and provide a just punishment.

1

## II.  Crimes of Conviction

Cecil pleaded guilty, pursuant to a binding "c" plea agreement, to all seven counts in the indictment, including four counts of distribution of child pornography, two counts of receipt of child pornography and one count of possession of child pornography.  (Id.).

## III.  Statutory Sentencing Provisions

Counts 1-6 carry a minimum term of 5 years with a maximum of 20.  (Id. at para. 65).  Count 7 has no minimum but carries a maximum term of imprisonment of 20 years.  (Id.).  Supervised release must be imposed between 5-years and life.  (Id. at para. 71).

### A.     Restitution

Restitution is mandatory in cases involving child exploitation.  (Id. at para. 79).  The government anticipates filing an agreed restitution order at the sentencing hearing for the benefit of the victims seeking restitution.

### B.     Forfeiture

The United States filed a preliminary order of forfeiture for a Samsung cell phone and a gaming tower.  (DN 20).

### C.     Special Assessments

Cecil is subject to $700 in special assessments for the mandatory $100 per count of conviction.  (Id. at para. 75).  Cecil is also subject to the Justice for Victims of Trafficking Act, which imposes $5,000 per count for counts 1-7 if the defendant is non-indigent.  (Id.).  Because Cecil is likely indigent, the Court can decline to assess this penalty.

### IV.     Objections to the PSR

The United States previously objected to exclusion of the 5-level distribution for non-

2

pecuniary gain enhancement, and filed the initial sentencing memo with the expectation that the PSR would adopt that objection.  Since the government filed its initial sentencing memo, the final PSR was filed ant the government's objection was not resolved.  (DN 21-1, at p. 1).  The government now files this amended sentencing memo to address that objection.

In paragraph 32 the PSR applied the 2-level enhancement for knowing distribution under 2G2.2(b)(3)(F).   (DN 21, at para. 32).  The 5-level enhancement for distribution for non-pecuniary gain under 2G2.2(b)(3)(B) should apply instead.  The enhancement under 2G2.2(b)(3)(B) applies when the defendant agreed to exchange to another person child pornography for the specific purpose of obtaining something of valuable consideration from that person.  2G2.2 Application Note 1.

The chat group Cecil traded child pornography in was on the Teleguard app and required users to share child pornography to gain access to the main page, where child pornography was being posted and commented on.  Cecil traded child pornography in the Teleguard app chat group main page.  He therefore distributed child pornography to a group of people specifically to gain access to child pornography in that chat group.  See the below excerpt from a message Cecil sent to another user explaining the process.

That's the room network I'm part of.  If you're interested in trying to join, I'd first use an anonymous profile pic to avoid 70 dudes from chatting you up to fuck your daughter.  But you'd first would get invited to the vetting room.  You must share real stuff to gain access to the main landing page.  Once there, to gain access to a specific room and content, a request in the landing page + a shared sample must be made.  There is a rape / hurtcore room where crying is required for rape.

Without sharing child pornography, Cecil would not have gained access to the chat room were child pornography was being freely traded.  That access is a valuable consideration as required by 2G2.2(b)(3)(B).  See *United States v. Bowser*, 317 Fed. Appx. 525 (7th Cir. 2008) (the court applied the 5-level enhancement for receiving a thing of value because the defendants downloaded and received images of child pornography in a chat room dedicated to child pornography).  There is also no requirement that the defendant actually receive the valuable consideration from the other person.  See *United States v. Taylor*, 2018 U.S. Dist. LEXIS 138556, *18 (E.D. Tenn. Aug. 16, 2018) (the lack of evidence that the defendant ever viewed or downloaded the material posted by others is inconsequential to a determination under 2G2.2(b)(3)(B)).

Because of this change, paragraph 39 of the PSR should result in a level 40 and paragraph 43 should result in an offense level 37.  Paragraph 66 should state "offense level 37" and have a guideline range of "210-262 months."

V.      Appropriate Sentence

The parties in their plea agreement agree that a low-end guideline sentence is an appropriate sentence in this case.  Such a sentence is warranted by the guidelines and is sufficient but not greater than necessary to satisfy the requirements of section 3553(a).

VI.  Conclusion

The United States of America humbly requests the Court accept the parties' plea agreement and sentence the defendant to a low-end guideline sentence followed by a lifetime term of supervised release.

4

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5067
Spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney